Tuccillo v Hempstead (2019 NY Slip Op 08886)





Tuccillo v Hempstead


2019 NY Slip Op 08886


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-07713
 (Index No. 9012/13)

[*1]Roy Tuccillo, appellant, 
v
Town of North Hempstead, et al., respondents.


Langone & Associates, PLLC, Garden City, NY (Richard M. Langone of counsel), for appellant.
Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Amanda Abata of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated July 11, 2017. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on February 9, 2013, when a snow plow operated by the defendant William J. Wilenski, an employee of the defendant Town of North Hempstead, struck the vehicle operated by the plaintiff. The plaintiff alleged that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Following a jury trial on damages, the jury returned a verdict in favor of the defendants. The plaintiff appeals.
The plaintiff's contention concerning the Supreme Court's decision not to charge the jury with respect to the 90/180 category of Insurance Law § 5102(d) is unpreserved for appellate review (see Parchment v TJX Cos., Inc., 171 AD3d 1200, 1201; Donina v D.N.R. Group of Cos., Inc., 114 AD3d 720).
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court